IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JASON E. SULLIVAN,

         **Plaintiff,**

v.

COMMISSIONER of SOCIAL SECURITY,

         **Defendant.**

Case No. 21-CV-00814-SPM

## ORDER FOR ATTORNEY'S FEES

**McGLYNN, District Judge:**

    This matter is before the Court on Plaintiff's Motion for Attorney Fees under 406(b) of the Act (Doc. 60). Defendant's counsel has no objection to the motion. (Doc. 64).

    After this Court reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner granted plaintiff's application for benefits. The fee agreement between plaintiff and her attorney (Doc. 60) provided for a fee of 25% of plaintiff's past-due benefits.

    The Commissioner withheld 25% of the past due amount payable to plaintiff ($27,349.97) pending court approval of the fee. (Doc. 64, Ex. 2). Counsel here seeks a fee of $27,349.97.

    42 U.S.C. § 406(b)(1)(A) provides that the Court may allow a "reasonable fee," not in excess of 25% of the total of the past-due benefits. However, if the Court approves such a fee, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." *Ibid.* In practical terms, this

means that, when a fee is awarded under § 406(b)(1), counsel must refund any amount previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B).

The Supreme Court has held that § 406(b)(1) controls, but does not displace, contingent fee agreement in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Having reviewed the circumstances presented here, including the time and effort expended by counsel, the excellent result received by plaintiff, the amount of the past-due benefits and the value of the projected benefits over plaintiff's expected life span, the Court concludes that $27,349.97 is a reasonable fee here.

The Court notes that the Commissioner does not oppose the motion.  While the Commissioner has no direct stake in the § 406(b)(1) fee request, she "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798, n. 6.

Wherefore, Plaintiff's unopposed Motion for Attorney Fees under 406(b) of the Act (Doc. 60) is **GRANTED**.  The Court awards plaintiff's counsel Pamela I. Atkins a fee of $27,349.97 (twenty-seven thousand, three hundred forty-nine dollars and ninety-seven cents).

Counsel shall refund to plaintiff the amount previously awarded under the EAJA, $12,500.00.

**IT IS SO ORDERED.**

**DATED:  January 19, 2024**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
